## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## ASHLAND DIVISION

| | | |
|---|---|---|
| **MORRIS E. LEWIS** | : | |
| **Plaintiff** | : | |
| | : | **Case No.** |
| | : | |
| | : | |
| | : | |
| **vs.** | : | **Judge** |
| | : | |
| | : | |
| **EQUIFAX INFORMATION** | : | **Magistrate Judge** |
| **SERVICES, LLC.** | : | |
| **c/o CSC Lawyers Incorporating** | : | |
| **Service Co.** | : | |
| **421 West Main St.** | : | |
| **Frankfort, Ky. 40601-1550** | : | |
| | : | |
| **and** | : | |
| | : | |
| **PALISADES COLLECTION, LLC** | : | |
| **c/o CT Corporation System** | : | |
| **306 W. Main St.** | : | |
| **Suite 512** | : | |
| **Frankfort, Ky. 40601** | : | |
| | : | |
| **and** | : | |
| | : | |
| **NORTHLAND GROUP, INC.** | : | |
| **7831 Glenroy Rd.,** | : | |
| **Suite 350** | : | |
| **Edina, Minn. 55439** | : | |
| **Defendants** | : | |
| | : | |
| | : | |

**Complaint Seeking to Impose Civil Liability Under the Fair Credit Reporting Act and the Fair Debt Collection Practices Act; Seeking Statutory, Actual & Punitive Damages for Willful Violation; Common Law Breach of Contract; Attorney Fees & Jury Demand**

## Introduction

This suit is brought under the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. on behalf of a Plaintiff consumer against certain Defendants who, as a furnishers of credit information, willfully and intentionally provided false and inaccurate credit information concerning the Plaintiff in direct violation of 15 U.S.C. §1681s-2b and 15 U.S.C.§1681i and 15 U.S.C. §1681e(b).

Additional claims are asserted against certain Defendants for unfair, abusive, deceptive and unconscionable debt collection practices under the Fair Debt Collection Practices Act, 15 U.S.C. §1681, et seq. and there is an additional claim for common law breach of contract.

## Claim One For Relief
## [Fair Credit Reporting Act]
## [Equifax & Palisades]

## Jurisdiction and Venue

1.  This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this Division since the unlawful conduct alleged to have taken place occurred primarily in Greenup County, Ky.

## Parties

2.  This claim is brought pursuant to the Fair Credit Reporting Act [hereinafter the "Act"] solely against the Defendants Equifax Information Services and Palisades Collection, LLC.

3.  Plaintiff, Morris E. Lewis, is a consumer within the meaning of the Act at 15 U.S.C. § 1681a©.

4.  Defendant, Palisades Collection, LLC. [hereinafter "Palisades" and/or "Defendant"] is, upon information and belief, a Delaware corporation which has its principal place of business in New Jersey but which operates and transacts business in Kentucky and other jurisdictions and is a furnisher of information and/or user of consumer credit reports, as defined in the Act and is subject to the requirements of 15 U.S.C. § 1681s-2(b).

5. Defendant Equifax Information Services, LLC [hereinafter "Equifax"] is an entity which issues, assembles, transfers and publishes "consumer reports" regarding Plaintiff and others, as defined in the Act and is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(p).

## Allegations

6.  On or about October 28, 2008 Palisades filed suit against Plaintiff in the Greenup District Court, Greenup Ky. (case no. 08-C-705) alleging that Plaintiff defaulted on a credit card account originally issued by the First USA Bank and subsequently purchased by Palisades [hereinafter the "account" or "debt"].

7.  On or about February 26, 2009 the suit resulted in a dismissal with prejudice in favor of this Plaintiff,  therefore, barring future collection activity on the account.

8. The parties also entered into a formal agreement on January 30, 2009 wherein it was expressly agreed that Palisades would either not report the account to any credit reporting agency in the future or, if it did, it would not report the account in a derogatory manner.

9. On or about September 7, 2010 Plaintiff received a letter from Defendant Northland Group on behalf of Palisades dunning Plaintiff and demanding payment on the account for $3891.68. Plaintiff thereafter reviewed his credit reports and discovered that Palisades was reporting the account in question as either open, delinquent or past due and, upon information and belief, had never stopped doing so.

10. On September 27, 2010 Plaintiff disputed the account with Equifax by requesting in writing a re-investigation and correction and/or deletion of the account.

11. On October 7, 2010 Equifax inaccurately affirmed the account as belonging to the Plaintiff as well as continuing to report the account in a derogatory manner.

12. As a direct and proximate result of Defendants' failure where they refused to take such remedial action as requested by Plaintiff, Plaintiff's ability to obtain the credit he needs for his personal and family needs has been curtailed.

13. As a direct and proximate result of Defendants' failure where they refused to take such remedial action as requested by Plaintiff, Plaintiff's credit score by which he is evaluated for credit has been significantly reduced.

14. As a direct and proximate result of Defendants' failure where it refused to take such remedial action as requested by Plaintiff, Plaintiff has suffered frustration, embarrassment, anxiety and other related symptoms of stress.

15. The above-described conduct of the Defendant Palisades violated the Fair Credit Reporting Act, including but not limited to 15 U.S.C. § 1681s-2(b), in that this Defendant knew from the information in its files it could neither verify the account in question as belonging to the Plaintiff but, nevertheless, willfully refused to report the correct result of its investigation. In the alternative, Defendant Palisades failed to conduct a reasonable investigation with respect to the disputed information, and/or failed to review all relevant information before reporting back to Equifax also in violation of 15 U.S.C. § 1681s-2(b).

16. Defendant Equifax, as a credit reporting agency, has continually added, stored, maintained and disseminated personal and credit data about Plaintiff which is false, erroneous, and misleading, without employing procedures to ensure the maximum possible accuracy of the information posted to Plaintiff's consumer reports and disseminated.

17. Defendant Equifax failed to employ reasonable procedures for a reinvestigation in a proper manner concerning the accuracy of the erroneous, negative data upon being notified by Plaintiff that such information was erroneous.

18. The above-described conduct of Defendant Equifax violated the FCRA, including but not limited to 15 U.S.C. § 1681e(b) and 1681i.

19. As a direct and proximate result of this violation, Plaintiff's credit was damaged, he suffered humiliation and embarrassment and he was forced to expend time and money in attempting to eradicate this matter from his credit.

20. Defendants' conduct in inaccurately reporting these accounts was, at minimum, negligent and in violation of 15 U.S.C. §1681o.

21. In addition to actual and/or compensatory damages, Defendants are liable to Plaintiff in a sum to be assessed by the trier of fact for willful violation of 15 U.S.C. 1681n.


### Claim Two For Relief
### [Fair Debt Collection Practices Act]
### [Palisades and Northland Group]

### Jurisdiction

22.  This claim is brought solely against the Defendant Palisades Collection, LLC. and the Northland Group, Inc.

23.  This claim is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.§1692, *et seq*. [hereinafter referred to as the "Act"].

24.  This claim is for both statutory and actual damages brought by Plaintiff for Defendant's violations of the Act, which expressly prohibits a debt collector from engaging in abusive, unconscionable, deceptive and unfair debt collection practices.

25.  The jurisdiction of this Court is invoked pursuant to  15 U.S.C.1692k(d), 28 U.S.C. §1337.

## Parties

26.  Plaintiff, Morris Lewis [hereinafter referred to as **"LEWIS"** or  **"Plaintiff"**] is, and was at all times relevant herein, a "consumer" as defined in the Act, 15 U.S.C. §1692a(3) and who, at all times referenced herein, was and is a resident of Greenup County, Ky.

27.  Defendant, Palisades Collection, LLC. [hereinafter "Palisades" and/or "Defendant"] is, upon information and belief, a Delaware corporation which has its principal place of business in New Jersey but which operates and transacts business in Kentucky and other jurisdictions and which specializes in the purchase of and collection of distressed consumer debt consisting of old defaulted and delinquent obligations or accounts which it claims to purchase from original creditors or other distressed debt buyers at a discount and, therefore, is a debt collector as defined in the Act at 15 U.S.C. **§**1692a.(6).

28.  Defendant, Northland Group, Inc. **[**hereinafter referred to individually as **"Northland"** or "Defendant"**]** is a foreign corporation which, upon information and belief, has its principal place of business in Edina, Minnesota but which operates and transacts business in Kentucky and other jurisdictions and which attempts to collects debts or accounts belonging to others and, therefore, is a **"debt collector",** as defined in the Act at 15 U.S.C. **§**1692a.(6).

29.  Defendants regularly engage in and transact business in the Commonwealth of Kentucky through the use of the United States mail, telephone or other instrumentality of interstate commerce and/or through the initiation of litigation and use of the judicial system in Kentucky and is subject to the jurisdiction of this Court.

30.  The debt in question, if owed by the Plaintiff, was incurred for personal, household or family purposes.

## **Allegations**

31. Plaintiff hereby incorporates by reference each and every allegation of claim one as if rewritten herein.

32. On and after September 7, 2010 Plaintiff received several communications from the Northland, a debt collector hired by Palisades, dunning the Plaintiff for payment of the account.

33. The attempted collection of an account released several years earlier has resulted in emotional distress and upset for the Plaintiff.

34. Additionally, Palisades in spite of expressly agreeing not to report the account in a derogatory manner as of January, 2009, has continued to report the account or debt as open, past due and delinquent, upon information and belief, each month for the past 22 months to all 3 major credit reporting agencies which would probably constitute at least 60 times.

35. Without limiting the scope of any violation which may have been committed, Defendants' conduct described hereinabove constituted the following abusive, deceptive, unfair, and unconscionable debt collection activity in violation of the Fair Debt Collection Practices Act:

(a) the false representation of the character, amount or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A)&(B);

(b) the taking of action that cannot be legally taken in violation of 15 U.S.C. §1692e(5);

(c ) communicating false credit information known or which should have been known in violation of 15 U.S.C. §1692e(8) on countless occasions;

(d) the utilization of false and deceptive means to collect or to attempt to collect a debt in violation of 15 U.S.C. §1692e(10) and 15 U.S.C. §1692e.; and,

(e) the use of an unfair and unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

<u>**Third Claim For Relief**</u>
**[Breach of Contract]**
**[Palisades]**

<u>**Jurisdiction**</u>

36. This claim is brought solely against Defendant Palisades.

37.  This claim is made pursuant to common law breach of contract.

38.  The jurisdiction of this Court is invoked pursuant to the principles of pendent or ancillary jurisdiction as set forth in 28 U.S.C. §1367, in that the claim herein arose out of the same basic facts, which gave rise to the principal federal claim.

<u>**Allegations**</u>

39. Plaintiff hereby incorporates by reference each and every allegation of claims one and two as if fully rewritten herein.

40. In January, 2009 Plaintiff and Palisades entered into a written contract wherein Palisades expressly agreed to either not report the account in question to any credit reporting agency or, if it did, not to report it in a derogatory manner.

8

41. Defendant reported the account to credit reporting agencies in a derogatory fashion, upon information and belief, on some 60 occasions since January, 2009.

42. Such conduct was in complete breach and repudiation of the agreement between the parties.

43. Plaintiff is entitled to compensatory damages in an amount to be determined by a jury.

## Prayer for Relief

WHEREFORE, Plaintiff, Morris E. Lewis, asks the Court to Order the following relief:

(1)    In claim One find Defendants liable for willfully or negligently violating 15 U.S.C. § 1681, et seq. when they reported inaccurate and derogatory information concerning the Plaintiff's on his consumer reports;

(2)    In all claims to Order Defendants to pay plaintiff for emotional distress and any other compensatory damages to be proven at trial;

(3)    In claim One to Order Defendants to pay Plaintiff punitive damages;

(4)    In claim Two to Order Defendants to pay Plaintiff for Statutory and Actual Damages proven;

(5)    In claim Three Order Defendant Palisades to pay Plaintiff compensatory damages;

(6)    In all claims to Order Defendants to reimburse Plaintiff for the costs of bringing this action and for reasonable attorney's fees where appropriate;

(7)     Provide Plaintiff a trial by jury of his peers; and,

(8)     Award Plaintiff any and all other relief the Court deems just and appropriate in light of the evidence adduced at trial.


                                    Respectfully submitted by:


                                    /s/*Steven C. Shane*
                                    Steven C. Shane (Ohio Bar 0041124)
                                    Trial Attorney for Plaintiff
                                    P.O. Box 73067
                                    Bellevue, Ky. 41073
                                    (859) 431-7800
                                    (859) 431-3100 facsimile
                                    shanelaw@fuse.net